IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of: | ) | No. 37156-5-III |
| | ) | |
| RUTH EVE WATSON, | ) | |
| | ) | |
| Appellant / Cross-Respondent, | ) | |
| | ) | UNPUBLISHED OPINION |
| and | ) | |
| | ) | |
| WILLIAM MORRIS WATSON, | ) | |
| | ) | |
| Respondent / Cross-Appellant. | ) | |

PENNELL, C.J. — Ruth Watson, now known as Ruth Maidon, and William Watson

cross appeal the terms of an order dissolving their marriage. We affirm.

FACTS

Ms. Maidon petitioned in November 2016 for dissolution of her 12-year marriage

to Mr. Watson. Throughout the marriage, Mr. Watson worked as an electrician and

supplied the household's only income. Ms. Maidon was a homemaker and took care of

the family's finances. Ms. Maidon's earning potential was limited due to her education

level (she possessed only a general educational diploma) and health struggles (she has an

autoimmune disorder).

A temporary order provided Ms. Maidon with $2,700 per month in spousal maintenance and the marital home in Washington. However, Ms. Maidon left to reside in Florida over the winter of 2017-18, and Mr. Watson was granted possession of the home. Subsequently, Ms. Maidon began renting a property in Florida and residing there full time. In the months preceding the dissolution petition, Ms. Maidon also withdrew $28,200 in funds from a joint bank account she held with Mr. Watson. She alleges to have provided $19,000 from these funds to Mr. Watson toward purchase of a "Raptor" fifth wheel RV (recreational vehicle). Mr. Watson denies this allegation.

A bench trial was held in April 2019. At trial, the court permitted Mr. Watson to call a witness who he had failed to disclose to Ms. Maidon prior to trial. The trial court ultimately provided Ms. Maidon $283,736.65 in assets and assessed $10,868.39 in liabilities, for a net award of $272,868.26. It provided Mr. Watson $303,003.35 in assets and assessed $13,192.39 in liabilities, for a net award of $289,810.96. The court also ordered an equalization payment of $8,471.35 to be paid to Ms. Maidon. It found Ms. Maidon's testimony not credible concerning the use of $28,200 she withdrew from the joint account. The court awarded Ms. Maidon spousal maintenance of $2,200 per month until December 2019.

Both Ms. Maidon and Mr. Watson appeal from the final divorce order.

No. 37156-5-III
*In re Marriage of Watson*

ANALYSIS

*Previously undisclosed witness*

Ms. Maidon challenges the trial court's decision allowing a previously undisclosed witness (Frank Newell) to testify at trial. We find no abuse of discretion.[1] There is no evidence Mr. Watson withheld Mr. Newell's name for tactical reasons or in violation of a court order. Mr. Newell's testimony was brief and limited to issues previously testified to by Ms. Maidon. Introduction of Mr. Newell's testimony did not materially disadvantage Ms. Maidon. We will not disturb the trial court's decision to allow the testimony.

*Spousal maintenance*

Ms. Maidon claims the trial court abused its discretion in limiting spousal maintenance to eight months posttrial. We disagree. The trial court explicitly listed the statutory factors of RCW 26.09.090 prior to providing its ruling on spousal maintenance. It considered the age and physical condition of Ms. Maidon and Mr. Watson, the duration of their marriage, the ability of each party to find employment, and Mr. Watson's ability to make spousal support payments. The court's award of $2,200 per month was based on Ms. Maidon's and Mr. Watson's testimony on their expenses, and was calculated to allow

---

[1] We review a trial court's evidentiary decisions for abuse of discretion. *State v. Quaale*, 182 Wn.2d 191, 196, 340 P.3d 213 (2014).

3

Ms. Maidon to maintain her standard of living. While the trial court could have extended

its maintenance award, it was not required to do so. There was no abuse of discretion.

*Credibility of testimony*

Ms. Maidon contends the trial court erred by finding her testimony not credible

concerning the use of her withdrawal of $28,200 from the joint bank account. Again, we

disagree. The parties disputed the issue of whether Ms. Maidon used the $28,200 or gave

most of it to Mr. Watson. The court was tasked with deciding which party was more

credible and it ruled in favor of Mr. Watson. We are neither fact finders nor in a position

to second guess the trial court's credibility determination. The decision regarding the

$28,200 must stand.

*Property division*

Both parties dispute the trial court's disposition of property. Ms. Maidon contends

she is entitled to a larger equalization payment because the trial court erroneously

included in her community property award the $28,200 she withdrew from the joint bank

account she held with Mr. Watson. She also claims the distribution was insufficient in

light of her limited earning potential and disability. Mr. Watson contends in his cross

appeal that the trial court erred by including in his community award the separate property

4

in his individual retirement accounts, thus inflating the net worth of the award he received and requiring him to make an equalization payment to Ms. Maidon. We reject both claims.

As previously stated, the trial court was entitled to credit Mr. Watson's claim that Ms. Maidon appropriated the money she withdrew from the parties' joint bank account. As a result, Ms. Maidon's criticism of the court's equalization payment fails.

The parties' complaints about the amount of the trial court's ultimate distribution decision also fail. The court properly took into account Mr. Watson's separate property in determining a "just and equitable" distribution of property. RCW 26.09.080. Mr. Watson's retirement accounts constituted a sizeable portion of the property before the court. Given Ms. Maidon's limited earning potential and health problems, it was not an abuse of discretion for the trial court to consider Mr. Watson's separate interests in the retirement accounts when calculating a fair and just final distribution. At the same time, the fact that the court's final distribution accounted for Ms. Maidon's circumstances defeats her criticisms of the trial court's final award as inadequate.

## CONCLUSION

The dissolution order is affirmed.

No. 37156-5-III
*In re Marriage of Watson*


      A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____, C.J.
     Pennell, C.J.

WE CONCUR:

_____
Fearing, J.

_____
Lawrence-Berrey, J.